# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PIERRE FRANCOIS,

    Plaintiff,

v.

    Case No. 5:24-cv-00193-JSM-PRL

TNC (US) HOLDINGS, INC.,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, TNC (US) HOLDINGS, INC. ("Defendant"), answers the First Amended Complaint filed by Plaintiff, PIERRE FRANCOIS ("Plaintiff"), as follows:

### PARTIES

1. Defendant admits Plaintiff Pierre Francois is an individual. Defendant is without knowledge as to the remainder of allegations in this Paragraph and therefore denies same.

2. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's definition of "all times material" and therefore denies the allegations in this Paragraph.

3. Defendant admits it operated a business in Orlando, Florida. Defendant admits it employed the Plaintiff as a Field Representative in Orlando, Florida, from October 17, 2016, to August 14, 2023. Defendant denies the remaining allegations in this Paragraph.

## JURISDICTIONAL STATEMENT

4. Defendant admits the allegations in this Paragraph for jurisdictional purposes only, denies Plaintiff has sufficiently plead a claim for relief, and denies Plaintiff is entitled to any relief in this action.

## VENUE

5. Defendant denies the allegations in this Paragraph.

## FACTS IN SUPPORT OF CLAIM

6. Defendant admits the allegations in this Paragraph.

7. Defendant admits it employed Plaintiff from October 17, 2016, to August 14, 2023. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's definition of "at all times material" and therefore denies the remaining allegations in this Paragraph.

8. Defendant denies the allegations in this Paragraph.

9. Defendant denies the allegations in this Paragraph.

10. Defendant denies the allegations in this Paragraph.

11. Defendant admits Plaintiff was issued a Right to Sue letter from the U.S. Equal Employment Opportunity Commission for Charge Number 15D-2023-00358 on September 21, 2023. Defendant denies the remainder of the allegations in this Paragraph.

12. Defendant admits the instant action was commenced on December 21, 2023, upon Plaintiff's filing of his lawsuit in the Circuit Court of the Ninth Judicial

Circuit in and for Orange County, which was removed to this court. Defendant denies the remainder of the allegations in this Paragraph.

## COUNT I: NEGLIGENCE

13. Defendant reasserts its responses to Paragraphs 1 through 12 of Plaintiff's Complaint as if fully set out herein.

14. Defendant denies the allegations in this Paragraph.

15. Defendant denies the allegations in this Paragraph as phrased and further states that this allegation is a legal conclusion to which no response is required.

16. Defendant admits it held a "Global Impact Day" on June 9, 2022. Defendant admits that both Team Lead Susan Hill and Plaintiff participated in Global Impact Day on June 9, 2022. Defendant admits Ms. Hill and Plaintiff interacted during Global Impact Day on June 9, 2022. Defendant denies the remainder of the allegations in this Paragraph.

17. Defendant denies the allegations in this Paragraph.

18. Defendant denies the allegations in this Paragraph.

19. Defendant admits that Plaintiff sent four videos, one of which was a video of a portion of a letter, via electronic mail, to Dan Wood on November 14, 2022. Defendant denies the remainder of the allegations in this Paragraph.

20. Defendant admits Donna Brogdon met with Plaintiff on November 15, 2022, via Google video conference, to discuss the videos Plaintiff send to Dan Wood. Defendant denies the remainder of the allegations in this Paragraph.

21. Defendant admits Donna Brogdon met with Plaintiff on November 16, 2022, via Google video conference, to continue discussing the videos Plaintiff send to Dan Wood. Defendant denies the remainder of the allegations in this Paragraph.

22. Defendant admits Donna Brogdon met with Plaintiff on November 18, 2022, via Google video conference, to continue discussing the videos Plaintiff send to Dan Wood. Defendant denies the remainder of the allegations in this Paragraph.

23. Defendant admits Mr. DiCicco sent an email to Plaintiff on August 2, 2022, stating, in full: "She will need it documented in a contact when you can verify next. I'm guessing since she wants to call the police on us she won't be doing a sched or interim:) Otherwise it will get kicked back by auditing and the MR will have to go back [sic]." Defendant denies the remainder of the allegations in this Paragraph.

24. Defendant denies the allegations in this Paragraph as phrased and further states that this allegation is a legal conclusion to which no response is required.

25. Defendant denies the allegations in this Paragraph, including all subparts.

26. Defendant denies the allegations in this Paragraph.

27. Defendant admits that Plaintiff purports to seek damages in excess of $75,000.00, but denies that he is entitled to any relief.

**COUNT II: DISPARATE TREATMENT BASED UPON RACE IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES**

28. Defendant reasserts its responses to Paragraphs 1 through 27 of Plaintiff's Complaint as if fully set out herein.

29. Defendant denies the allegations in this Paragraph.

30. Defendant denies the allegations in this Paragraph.

31. Defendant denies the allegations in this Paragraph.

32. Defendant denies the allegations in this Paragraph.

33. Defendant admits it held a Global Impact Day on June 9, 2022. Defendant admits that both Team Lead Susan Hill and Plaintiff participated in Global Impact Day on June 9, 2022. Defendant admits Ms. Hill and Plaintiff interacted during Global Impact Day on June 9, 2022. Defendant denies the remainder of the allegations in this Paragraph.

34. Defendant denies the allegations in this Paragraph.

35. Defendant denies the allegations in this Paragraph.

36. Defendant admits that Plaintiff sent four videos, one of which was a video of a portion of a letter, via electronic mail, to Dan Wood on November 14, 2022. Defendant denies the remainder of the allegations in this Paragraph.

37. Defendant admits Donna Brogdon met with Plaintiff on November 15, 2022, via Google video conference, to discuss the videos Plaintiff send to Dan Wood. Defendant denies the remainder of the allegations in this Paragraph.

38. Defendant admits Donna Brogdon met with Plaintiff on November 18, 2022, via Google video conference, to continue discussing the videos Plaintiff send to Dan Wood. Defendant denies the remainder of the allegations in this Paragraph.

39. Defendant admits Donna Brogdon met with Plaintiff on November 18, 2022, via Google video conference, to continue discussing the videos Plaintiff send to Dan Wood. Defendant denies the remainder of the allegations in this Paragraph.

40. Defendant denies the allegations in this Paragraph.

41. Defendant denies the allegations in this Paragraph.

42. Defendant admits upon Plaintiff's return to work, Plaintiff was instructed by Ms. Brogdon to contact Plaintiff's supervisor, Dan Wood. Defendant denies the remainder of the allegations in this Paragraph.

43. Defendant denies the allegations in this Paragraph.

44. Defendant denies the allegations in this Paragraph.

## COUNT III: VICARIOUS LIABILITY OF DEFENDANT

45. Defendant reasserts its responses to Paragraphs 1 through 44 of Plaintiff's Complaint as if fully set out herein.

46. Defendant denies the allegations in this Paragraph.

47. Defendant denies the allegations in this Paragraph.

48. Defendant admits that Plaintiff purports to seek damages in excess of $75,000.00, but denies that he is entitled to any relief.

## PRAYER FOR RELIEF

In response to the "Prayer for Relief" clause following Paragraph 48 of Plaintiff's Complaint, including all subparts thereto, Defendant denies the allegations contained therein, denies that Defendant committed any unlawful acts, denies that Plaintiff states a claim for relief, and denies any liability in this action.

## REQUEST FOR JURY TRIAL

In response to the "REQUEST FOR JURY TRIAL" clause, Defendant denies that Plaintiff has stated a claim for relief and denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any proving any defense and/or avoidance asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All actions taken by Defendant and its agents with regard to Plaintiff were based on legitimate and reasonable business factors, and not in any way related to any discriminatory intent.

**THIRD DEFENSE**

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-discriminatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to discriminate against Plaintiff.

**FOURTH DEFENSE**

Any improper, illegal, or discriminatory acts taken against Plaintiff by any employee, agent, or customer of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**FIFTH DEFENSE**

Defendant exercised reasonable care to prohibit, prevent, and promptly correct discriminatory, retaliatory or unlawful behavior, if any. Defendant has a policy prohibiting discrimination and retaliation and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination and retaliation. Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant nonetheless exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## SIXTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

## SEVENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff's damages are impermissibly duplicative.

## EIGHTH DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations.

## NINTH DEFENSE

Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

## TENTH DEFENSE

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## ELEVENTH DEFENSE

At all times relevant to this suit, Defendant acted in good faith with regard to Plaintiff, and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies, or brings claims or relies upon facts which exceed the scope of or are inconsistent with Plaintiff's FCHR and EEOC charge(s), or are time barred by the applicable limitations period for such claims. Further, Plaintiff must exhaust all mandatory administrative remedies.

## THIRTEENTH DEFENSE

To the extent that the relief sought by Plaintiff falls under the exclusive remedy of Florida Worker's Compensation Benefits Law, Plaintiff cannot recover.

## FOURTEENTH DEFENSE

To the extent that Plaintiff's damages alleged were incurred or exacerbated by Plaintiff's acts, or failures to act, Plaintiff's damages as alleged in the Complaint are barred or must be reduced pursuant to the doctrine of avoidable consequences.

**WHEREFORE**, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded their costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated: June 3, 2024.   Respectfully submitted,

/s/ *Lara J. Peppard*
Lara J. Peppard, Esq.
FL Bar No. 520055
Ashley N. Donnell, Esq.
FL Bar No. 100535
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone:  813.289.1247
Facsimile:  813.289.6530
lara.peppard@ogletreedeakins.com
ashley.donnell@ogletreedeakins.com

*Attorneys for Defendant TNC (US) HOLDINGS, INC.*

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 3, 2024, the foregoing has been filed with the Clerk of Court via CM/ECF which will send electronic notification of filing electronically to:

Ka'Juel J. Washington, Esq.
THE WASHINGTON TRIAL GROUP, PLLC
37 N. Orange Ave., Suite 500
Orlando, FL 32801
*Attorneys for Plaintiff PIERRE FRANCOIS*

*/s/ Lara J. Peppard*
Attorney