UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PIERRE FRANCOIS,

    Plaintiff,

v.

                                    Case No. 5:24-cv-00193-JSM-PRL

TNC (US) HOLDINGS, INC.,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

**COMES NOW**, the Plaintiff, PIERRE FRANCOIS, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby moves this Court for the entry of an Order striking the affirmative defenses asserted by TNC (US) HOLDINGS, INC ("Defendant"), and says:

**Legal Standard**

The federal standard for a motion to strike affirmative defenses is governed by Fed. R. Civ. P. 12(f). See Fed. R. Civ. P. 12(f). Pursuant to Rule

1

12(f), a court may strike affirmative defenses if it presents an "insufficient defense, or redundant, immaterial, impertinent, or scandalous matter." Id. Courts require a clear demonstration of how the alleged facts support the legal claims made in the defense. See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594, Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618; Smith v. Am. Sec. Ins. Co., 2021 Fla. Cir. LEXIS 17931. Subsequently, a defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. Id (For an affirmative defense to be considered sufficiently pled, it must not only allege a legal basis but also include specific facts that support the defense.). Therefore, if the defense consists of generic or boilerplate statements without a factual basis, it is likely legally insufficient and likely to be stricken.

## ARGUMENT

1. **Defendants' First Affirmative Defenses must be stricken because it pleads conclusions of law unsupported by allegations of ultimate fact and is therefore, legally insufficient.**

The defense asserts, "*The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.*" See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 7. However,

this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief sought herein, and therefore **this defense is legally insufficient and must be stricken**.  See Chris Craft Industries, Inc. v. Van Valkenberg, 267 So. 2d 642; Van Valkenberg v. Chris Craft Industries, Inc., 252 So. 2d 280; See also Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; (*quoting* "If the defense consists of generic or boilerplate statements without a factual basis, it is likely to be stricken."); Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856; see also Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642; See also Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient.");

Therefore, based on the foregoing, this affirmative defense must be stricken, because it is **legally insufficient** as a matter of law. See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856; See also Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642 (To successfully move to strike an

3

insufficiently pled affirmative defense in Florida, one must demonstrate that the defense does not meet the pleading requirements of specificity and factual support as mandated by the Florida Rules of Civil Procedure.).

   **2. Defendants' Second Affirmative Defense must be stricken because it is vague, and unsupported by ultimate facts, and is therefore, legally insufficient.**

The defense asserts, "*All actions taken by Defendant and its agents with regard to Plaintiff were based on legitimate and reasonable business factors, and not in any way related to any discriminatory intent*." See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 7. However, there are no ultimate facts to support this defense, therefore **this defense is legally insufficient and must be stricken**. See Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642;

Additionally, this affirmative defense asserted by the defense is vague, and overly broad to the extent that the affirmative defense fails to provide certainty with regards to the specific "*legitimate and reasonable business factors,* or other *actions taken by the Defendant with regard to the Plaintiff*", giving rise to unsupported "conclusory allegations, unwarranted factual deductions, or [self-serving] legal conclusions masquerading as facts," and therefore, **must**

4

**not be accepted by the Court**. See also <u>Zito v. Washington Federal Sav. & Loan Asso.</u>, 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient."); See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

Therefore, based on the foregoing, this affirmative defense must be stricken, because it is **legally insufficient** as a matter of law. See <u>Tanner v. Heritage Prop. & Cas. Ins. Co</u>., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642; <u>See Also</u> <u>Sivsammye v. Giles, 2011 Fla. Cir. LEXIS 753</u>) (*quoting* "[I]t has been noted that affirmative defenses that merely deny the facts without raising new matters are insufficient and may be subject to being stricken.").

3. **Defendants' Third Affirmative Defense must be stricken because it is vague, and unsupported by ultimate facts, and is therefore, legally insufficient.**

The defense asserts, "*Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-discriminatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to discriminate against Plaintiff.*" <u>See</u> Answer and Affirmative Defenses to

5

Plaintiffs' Complaint, p. 8. However, there are no ultimate facts to support this defense, therefore **this defense is legally insufficient and must be stricken**. See Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642.

Additionally, this affirmative defense asserted by the defense is vague, and overly broad to the extent that the affirmative defense fails to provide certainty with regards to the specific *actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-discriminatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to discriminate against Plaintiff*", giving rise to unsupported "conclusory allegations, unwarranted factual deductions, or [self-serving] legal conclusions masquerading as facts," and therefore, **must not be accepted by the Court**. Id; See also Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient."); See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Therefore, based on the foregoing, this affirmative defense must be stricken, because it is **legally insufficient** as a matter of law. See Nextgen

6

Restoration v. V., 2019 Fla. Cir. LEXIS 16594; Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856.

4. **Defendants' Fourth Affirmative Defense must be stricken because it is merely a denial of the allegations in a complaint, which is vague, and unsupported by ultimate facts, and is therefore, legally insufficient.**

The defense asserts, "*Any improper, illegal, or discriminatory acts taken against Plaintiff by any employee, agent, or customer of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant*". See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 8. However, there are no ultimate facts to support this defense, therefore **this defense is legally insufficient and must be stricken**. See Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642.

Additionally, this affirmative defense **must be stricken** because it is merely a "denial of the allegations in a complaint", which under Florida law, "cannot form the basis of an affirmative defense." Therefore, based on the foregoing, this affirmative defense must be stricken, because it is **legally insufficient** as a matter of law. Id; See Also Sivsammye v. Giles, 2011 Fla.

Cir. LEXIS 753) (*quoting* "[I]t has been noted that affirmative defenses that merely deny the facts without raising new matters are insufficient and may be subject to being stricken.").

### 5. Defendants' Fifth Affirmative Defense must be stricken because it immaterial, impertinent,, and unsupported by ultimate facts and is therefore, legally insufficient.

The defense asserts, "*Defendant exercised reasonable care to prohibit, prevent, and promptly correct discriminatory,*" *retaliatory or unlawful behavior, if any.* See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 8. However, there are no ultimate facts to support this defense, therefore **this defense is legally insufficient and must be stricken**. See Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642; See also Fed. R. Civ. P. 12(f).

Additionally, the Defense also asserts that, "*Defendant has a policy prohibiting discrimination and retaliation and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination and retaliation.*" See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 8. However, this affirmative defense **must be**

8

**stricken**, because it is immaterial, and impertinent, and is improper character evidence, and because even if taken as true, this assertion is not supported to show that the purported policy was followed with regards to the actions, and/ or failures to act, when it comes to the treatment of the Plaintiff, and therefore, is legally insufficient, since the Defense is simply using this assertion as a self-serving fabrication to say that just because have a policy in place, that the policy was followed with regards to the events that give rise to the Plaintiff's claim. See Fed. R. Evid. 404(a)(1) (*quoting* "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."); See also Fed. R. Civ. P. 12(f).

Furthermore, this affirmative defense **must be stricken** because the Defense's denial "*that Plaintiff was exposed to a hostile work environment, Defendant nonetheless exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm*", without a specificity of ultimate facts to support this assertion, equates to a self-serving legal conclusion, which should be left to the trier of fact, and is merely a "denial of the allegations in a complaint", which under

9

Florida law, "cannot form the basis of an affirmative defense." See also Sivsammye v. Giles, 2011 Fla. Cir. LEXIS 753) (*quoting* "[I]t has been noted that affirmative defenses that merely deny the facts without raising new matters are insufficient and may be subject to being stricken."). Therefore, based on the foregoing, this affirmative defense must be stricken, because it is **legally insufficient** as a matter of law. See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 3, ¶ 4. See also Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642.

**6. Defendants' Sixth Affirmative Defense must be stricken because it pleads conclusions of law unsupported by allegations of ultimate fact and is therefore, legally insufficient.**

The defense asserts, "*Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.*" See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 9. However, this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief sought herein, and therefore **this defense is legally**

**insufficient and must be stricken**. Id.; See also Smith v. Am. Sec. Ins. Co., 2021 Fla. Cir. LEXIS 17931.

7. **Defendants' Seventh Affirmative Defense must be stricken because it pleads conclusions of law unsupported by allegations of ultimate fact and is therefore, legally insufficient.**

The defense asserts, "*Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff's damages are impermissibly duplicative.*" See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 9. However, there are no ultimate facts to support this defense, therefore **this defense is legally insufficient and must be stricken**. Id; See also Van Valkenberg v. Chris Craft Industries, Inc., 252 So. 2d 280.

Additionally, this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief sought herein, and therefore **this defense is legally insufficient and must be stricken**. Id; See also Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594 (*quoting* "If the defense consists of generic or

boilerplate statements without a factual basis, it is likely to be stricken."); see also Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856.

8. **Defendants' Eighth Affirmative Defense must be stricken because it pleads conclusions of law unsupported by allegations of ultimate fact.**

The defense asserts, "*Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations..*" See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 9. However, his affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief sought herein, and therefore **this defense is legally insufficient and must be stricken**. Id; See also Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642.

9. **Defendants' Ninth Affirmative Defense must be stricken because it is speculative, and assumes facts not in evidence, and pleads conclusions of law unsupported by allegations of ultimate fact and is therefore, legally insufficient.**

The defense asserts, "*Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff.*

*The discovery of any such evidence would bar any recovery of damages by Plaintiff."*

See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 9. However, this affirmative defense is speculative in nature, and assumes facts not in evidence, and therefore **must be stricken,** because it lacks the requisite certainty necessary to give rise to a viable defense. See Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) See also Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642.

Furthermore, this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief sought herein, and therefore **this defense is legally insufficient and must be stricken**. See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856; See also Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient.").

**10. Defendants' Tenth Affirmative Defense must be stricken because it pleads conclusions of law unsupported by allegations of ultimate fact.**

The defense asserts, "*Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches..*" See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 9. However, this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief sought herein, and therefore **this defense is legally insufficient and must be stricken**. See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594 (*quoting* "If the defense consists of generic or boilerplate statements without a factual basis, it is likely to be stricken."); See also Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856).

**11. Defendants' Eleventh Affirmative Defense must be stricken because it pleads conclusions of law unsupported by allegations of ultimate fact and is therefore, legally insufficient.**

The defense asserts, "*At all times relevant to this suit, Defendant acted in good faith with regard to Plaintiff, and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation..*" See Answer and

Affirmative Defenses to Plaintiffs' Complaint, p. 10. However, this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendant actually acted in good faith with regard to Plaintiff, and therefore **this defense is legally insufficient and must be stricken**.  Id; See also Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642.

12. **Defendants' Twelfth Affirmative Defense Must be stricken because it pleads conclusions of law unsupported by allegations of ultimate fact and is therefore, legally insufficient.**

The defense asserts, "*Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies, or brings claims or relies upon facts which exceed the scope of or are inconsistent with Plaintiff's FCHR and EEOC charge(s), or are time barred by the applicable limitations period for such claims. Further, Plaintiff must exhaust all mandatory administrative remedies.*" See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 10. However, this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief

15

sought herein, and therefore **this defense is legally insufficient and must be stricken**. Id; See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594 (*quoting* "If the defense consists of generic or boilerplate statements without a factual basis, it is likely to be stricken."); See also Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856.

13. **Defendants' Thirteenth Affirmative Defense must be stricken because it is speculative, assumes facts not in evidence, and pleads conclusions of law unsupported by ultimate facts and is therefore, legally insufficient.**

The defense asserts, "*To the extent that the relief sought by Plaintiff falls under the exclusive remedy of Florida Worker's Compensation Benefits Law, Plaintiff cannot recover*." See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 10. However, this affirmative defense asserts conclusions of law, which should be determined by the trier of fact, even though no allegations of ultimate facts have been proffered to establish that the Defendants are entitled to the relief sought herein, and therefore **this defense is legally insufficient and must be stricken**. Id; See also Van Valkenberg v. Chris Craft Industries, Inc., 252 So. 2d 280.

This affirmative defense is further legally sufficient, because it is not only speculative in nature, but it also assumes facts not in evidence, since it

16

lacks the requisite certainty necessary to give rise to a viable defense. Id; See also Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856.

Therefore, based on the foregoing, this affirmative defense must be stricken, because it is **legally insufficient** as a matter of law. See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; See also Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856; See also Smith v. Am. Sec. Ins. Co., 2021 Fla. Cir. LEXIS 17931.

**14. Defendants' Fourteenth Affirmative Defense must be stricken because it is speculative, assumes facts not in evidence, and pleads conclusions of law unsupported by ultimate facts and is therefore, legally insufficient.**

The defense asserts, "*To the extent that Plaintiff's damages alleged were incurred or exacerbated by Plaintiff's acts, or failures to act, Plaintiff's damages as alleged in the Complaint are barred or must be reduced pursuant to the doctrine of avoidable consequences*", without providing certainty with regards to the specifically how the "*damages alleged were incurred or exacerbated by Plaintiff's acts, or failures to act,*" giving rise to unsupported "conclusory allegations, unwarranted factual deductions, or [self-serving] legal conclusions masquerading as facts", and therefore **this defense is legally insufficient**

17

**and must be stricken**. See Answer and Affirmative Defenses to Plaintiffs' Complaint, p. 10; Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642; See also Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient."); See also Smith v. Am. Sec. Ins. Co., 2021 Fla. Cir. LEXIS 17931.

This affirmative defense also fails because it is not only speculative in nature, but it also assumes facts not in evidence, since it lacks the requisite certainty necessary to give rise to a viable defense. Id; See also Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856; see also Chris Craft Industries, Inc. v. Van Valkenberg, 267 So. 2d 642.

Therefore, based on the foregoing, this affirmative defense must be stricken, because it is **legally insufficient** as a matter of law. See Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642; See also See also Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations


of ultimate fact demonstrating a good defense to the complaint are insufficient."); see also Smith v. Am. Sec. Ins. Co., 2021 Fla. Cir. LEXIS 17931.

**WHEREFORE**, the Plaintiff, PIERRE FRANCOIS, hereby moves this Honorable Court for an order striking the Affirmative defenses of the Defendants in this matter for the reasons described above, awarding attorney's fees and costs, and granting any such other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

THE WASHINGTON TRIAL GROUP, PLLC

By: **/s/ Ka'Juel Washington**
KA'JUEL J. WASHINGTON, ESQ.
Florida Bar No. 22125
37 N. Orange Ave., Suite 500
Orlando, Florida 32801
Tel. (407) 606-5715
Fax: (407) 236-0430

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of June 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

By: **/s/ Ka'Juel J. Washington**
_____
KA'JUEL J. WASHINGTON
Florida Bar No. 22125