# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PIERRE FRANCOIS,

    Plaintiff,

v.

                              Case No. 5:24-cv-00193-JSM-PRL

TNC (US) HOLDINGS, INC.,

    Defendant.

                                  /

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' AFFIRMATIVE DEFENSES

**COMES NOW**, the Plaintiff, PIERRE FRANCOIS, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(a)(1)(C), in response and objection to the affirmative defenses heretofore set forth in Defendant, TNC (US) HOLDINGS, INC's ("Defendant"), Answer and Affirmative Defenses served on June 3, 2024 and specifically denies each and every allegation contained in each and every affirmative defense and demands strict proof thereof. and says:

1

**Legal Standard**

The federal standard for a motion to strike affirmative defenses is governed by Fed. R. Civ. P. 12(f). See Fed. R. Civ. P. 12(f). Pursuant to Rule 12(f), a court may strike affirmative defenses if it presents an "insufficient defense, or redundant, immaterial, impertinent, or scandalous matter." Id. Courts require a clear demonstration of how the alleged facts support the legal claims made in the defense. See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594, Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618; Smith v. Am. Sec. Ins. Co., 2021 Fla. Cir. LEXIS 17931. Subsequently, a defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. Id (For an affirmative defense to be considered sufficiently pled, it must not only allege a legal basis but also include specific facts that support the defense.). Therefore, if the defense consists of generic or boilerplate statements without a factual basis, it is likely to be found insufficient.

## ARGUMENT

1. **Defendants' Affirmative Defenses are legally insufficient because they plead conclusions of law unsupported by allegations of ultimate fact.**

    The issue at the heart of the Defendant's Affirmative Defense is

whether the Defendant pleaded sufficient facts to satisfy the pleading standard in Twombly. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Here, the Defendant fails to argue, that their Affirmative Defenses provide any actual facts to satisfy Twombly. Id.  Subsequently, the Defendant's Affirmative Defenses fail the requisite pleading standard, as required by Twombly, whereby leaving the Plaintiff having to guess at the facts supporting the Defendant's conclusory allegations. In fact, the Defendant's offer no more than boilerplate statements, or otherwise "labels and conclusions," 550 U.S. at 555, "devoid of 'further factual enhancement.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); See also, Chris Craft Industries, Inc. v. Van Valkenberg, 267 So. 2d 642; Van Valkenberg v. Chris Craft Industries, Inc., 252 So. 2d 280.  Consequently, the Defendant's Affirmative Defenses, "without some further factual enhancement," (even as augmented) "stop[] short of the line between possibility and plausibility of entitle[ment] to relief", and will inevitably prolong, and lead to inefficiencies in discovery, since the Plaintiff  cannot reasonably make targeted requests because he does not know what to target.  See Twombly, 550 U.S. at 557 (quotations omitted); See also Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS

16594; (*quoting* "If the defense consists of generic or boilerplate statements without a factual basis, it is likely to be stricken."); see also Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856; Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642; Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient.");

Therefore, based on the foregoing, these affirmative defenses are **legally insufficient** as a matter of law, because the Defendant has failed to support their conclusory allegations with the requisite specificity of ultimate fact. See Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856; See also Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642 (To successfully move to strike an insufficiently pled affirmative defense in Florida, one must demonstrate that the defense does not meet the pleading requirements of specificity and factual support as mandated by the Florida Rules of Civil Procedure.).

## 2. Defendants' failure to plead plausible facts in support of their affirmative defenses is alone a sufficient basis to grant the motion to strike.

Mere denials of the allegations in a complaint, without proffering ultimate facts to support its legally deficient assertions, are legally insufficient.

A review of the district court decisions further establishes that Defendants' assertions are unsupportable. Numerous courts have dismissed affirmative defenses solely because they lack sufficient factual allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) Tanner v. Heritage Prop. & Cas. Ins. Co., 2020 Fla. Cir. LEXIS 10618, 267 So. 2d 642; See Also Sivsammye v. Giles, 2011 Fla. Cir. LEXIS 753) (*quoting* "[I]t has been noted that affirmative defenses that merely deny the facts without raising new matters are insufficient and may be subject to being stricken."); see also Zito v. Washington Federal Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient.").

Here, it is uncontroverted that the Defendant has failed to pled plausible facts in support of their affirmative defenses, because it merely

5

denied the allegations in a complaint, without a specificity of ultimate facts to support this assertion, equates to a self-serving legal conclusion, which should be left to the trier of fact, and "cannot form the basis of an affirmative defense", under Federal law.  See <u>Sivsammye v. Giles, 2011 Fla. Cir. LEXIS 753</u>) (*quoting* "[I]t has been noted that affirmative defenses that merely deny the facts without raising new matters are insufficient and may be subject to being stricken.").

Therefore, based on the foregoing, these affirmative defenses are **legally insufficient** as a matter of law, because the Defendant merely denied the allegations in the Plaintiff's Complaint, and failed to plead any plausible facts in support of their asserted affirmative defenses.

**3. The Defendant possesses the burden with regards to their Affirmative Defenses.**

Here, the Defendant's Affirmative Defenses seek to capitalize upon unsupported conclusory allegations, unwarranted factual deductions, or self-serving legal conclusions masquerading as facts, to shift the burden to the Plaintiff, because said allegations are not only speculative in nature, but it also assumes facts not in evidence, since it lacks the requisite certainty necessary to give rise to a viable defense.  See <u>Zito v. Washington Federal</u>

6

Sav. & Loan Asso., 318 So. 175) (*quoting* "[A]ffirmative defenses that are conclusory and lack real allegations of ultimate fact demonstrating a good defense to the complaint are insufficient.");; See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); (Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient.).

The mere fact that the Plaintiff ultimately bears the burden of persuasion does not change the fact that Defendants will be required to "rais[e] new facts and arguments" related to procompetitive effects in an attempt to "defeat the plaintiff's . . . claim". See Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003). Of course, for that reason, these "new facts and arguments" must be disclosed, and must meet the Twombly requirements. Id.

However, the Defendant is this case has not, and cannot proffer, new facts, to support its conclusory allegations, which related "to procompetitive effects in an attempt to "defeat the plaintiff's . . . claim" Id.

Therefore, based on the foregoing, these affirmative defense are **legally insufficient** as a matter of law, because the Defendant has failed to satisfy their burden necessary to give rise to a viable affirmative defense.

7

Id; See also Nextgen Restoration v. V., 2019 Fla. Cir. LEXIS 16594; Meisel v. Harvest Health & Rec., 2021 Fla. Cir. LEXIS 856.

**4. The Defendant's vague and legally insufficient Affirmative Defenses unjustly prejudices the Plaintiff.**

Under the circumstances, there is no doubt that Defendant's pleading failures would severely prejudice the Plaintiff. First, as noted above, the Plaintiff would be forced in discovery to guess at these defenses, without knowing exactly what the Defendant is arguing. Second, and even more importantly, the Plaintiff would be forced to expend resources on discovery on these issues, when it may be that the Defendant simply does not possess the facts sufficient to justify allowing this kind of extensive discovery to go forward. See Twombly, 550 U.S. at 558-59 ("a district court must retain the power to insist upon some specificity in pleading before allowing a massive factual controversy to proceed").

Therefore, based on the foregoing, these affirmative defenses are **unjustly prejudicial** to the Plaintiff. See Fed. R. Evid/ 403.

**WHEREFORE**, the Plaintiff, PIERRE FRANCOIS, hereby moves this Honorable Court for an order striking the Affirmative Defenses of the Defendants in this matter for the reasons described above, awarding

attorney's fees and costs, and granting any such other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

THE WASHINGTON TRIAL GROUP, PLLC

By: **/s/ Ka'Juel Washington**
KA'JUEL J. WASHINGTON, ESQ.
Florida Bar No. 22125
37 N. Orange Ave., Suite 500
Orlando, Florida 32801
Tel. (407) 606-5715
Fax: (407) 236-0430

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of July 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

.

By: **/s/ Ka'Juel J. Washington**
KA'JUEL J. WASHINGTON
Florida Bar No. 22125