UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PIERRE FRANCOIS,

    Plaintiff,

v.

                            Case No. 5:24-cv-00193-JSM-PRL

TNC (US) HOLDINGS, INC.,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant, TNC (US) HOLDINGS, INC. ("Defendant"), by and through undersigned counsel, responds in opposition to Plaintiff, PIERRE FRANCOIS' ("Plaintiff") renewed motion to strike Defendant's affirmative defenses entitled, "Plaintiff's Response and Objections to Defendants' (sic) Affirmative Defenses" ("Motion"). At the outset, Plaintiff failed to confer with undersigned counsel pursuant to Middle District of Florida Local Rule 3.01(g). Additionally, Defendant properly pled its affirmative defenses in accordance with Federal Rule of Civil Procedure 8. Defendant submits the following memorandum of law in support.

**MEMORANDUM OF LAW**

    **I.**    **Procedural Background**

    1.    On December 20, 2023, Plaintiff filed his complaint against Defendant in the Ninth Judicial Circuit, in and for Orange County, Florida.

2. Defendant was served with the Complaint on January 29, 2024. On February 28, 2024, Defendant timely removed the Complaint pursuant to 28 U.S.C. § 1332 to the U.S. District Court, Middle District of Florida, Orlando Division ("Orlando Court"). (Dkt. 1).

3. On March 6, 2024, Defendant filed its Motion to Dismiss, or in the Alternative, for More Definite Statement, as Plaintiff failed to plead sufficient facts to establish a cause of action. (Dkt. 8).

4. On April 18, 2024, this lawsuit was transferred to the Ocala Division. (Dkts. 18, 19).

5. Plaintiff did not file a response to Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement. On April 22, 2024, this Court filed its Order requiring Plaintiff to provide a more definite statement by May 6, 2024.

6. On May 6, 2024, Plaintiff filed his Amended Complaint. (Dkt. 21).

7. On June 3, 2024, Defendant filed its Answer and Affirmative Defenses. (Dkt. 24). Defendant sufficiently pled its affirmative defenses.

8. On June 11, 2024, Plaintiff filed his Motion to Strike Defendants' (sic) Affirmative Defenses. (Dkt. 27). Plaintiff failed to confer with Defendant's counsel in accordance with Middle District Local Rule 3.01(g).

9. On June 14, 2024, the Court entered its Endorsed Order denying without prejudice Plaintiff's Motion for failing to comply with Middle District Local Rule 3.01(g), in which the Court specifically stated that it "highly disfavors motions to strike

as noted in *PNC Bank v. Craggs Constr. Co.*, No. 5:16-CV-398-OC-30PRL, 2016 WL 6493908, at *1 (M.D. Fla. Nov. 2, 2016)". (Dkt. 28).

10. On July 2, 2024, Plaintiff renewed his motion to strike with Plaintiff's "Response and Objection to Defendants' (sic) Affirmative Defenses." (Dkt 29). Plaintiff apparently attempts to circumvent the conferral requirement under the Middle District Local Rules, by removing the words "Motion to Strike" from the title. (*Id.*) However, Plaintiff's Motion seeks an order striking Defendant's affirmative defenses. (*Id.*). For example, the WHEREFORE clause states, "[Plaintiff] hereby moves this Honorable Court for an order striking the Affirmative Defenses of the Defendants (sic) in this matter for the reasons described above[.]" (*Id.*, Wherefore clause, p. 8). Moreover, Plaintiff argues throughout the Motion that Defendant's affirmative defenses should be stricken. (*Id.*, pp. 2, 4, 5).

11. Before filing his Motion, Plaintiff again failed to confer with undersigned in accordance with Middle District Local Rule 3.01(g).

12. Plaintiff relies on Florida state court cases interpreting the Florida Rules of Civil Procedure, which are inapplicable in this matter. (Dkt. 29). *See EarthCam, Inc. v. Oxblue Corp.*, 658 Fed. Appx. 526, 529 (11th Cir. 2016) ("Under the Erie doctrine, a federal court adjudicating state law claims must apply state substantive law and federal procedural law.").[1]

---

1. Moreover, Plaintiff makes incoherent arguments in the Motion. (Dkt. 29). For example, on page 7 of Plaintiff's Motion he states: "The mere fact that the Plaintiff ultimately bears the burden of persuasion does not change the fact that Defendants will be required to "rais[e] new facts and arguments" related to procompetitive effects in an attempt to "defeat the plaintiff's . . . claim". *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003)." It is unclear what relevance, if any, this has to the instant matter.

13. Defendant's affirmative defenses are properly plead, as they satisfy the requirements of Federal Rule of Civil Procedure 8(b) and (c). (Dkt. 24). Thus, Plaintiff's motion must be denied.

## II. Legal Argument

### A. *Plaintiff Twice Failed to Comply with Middle District Local Rule 3.01(g).*

At the outset, Plaintiff failed to comply with Middle District Local Rule 3.01(g) before filing his renewed Motion, despite the previous admonishment from the Court (Dkt. 28).[2] Middle District Local Rule 3.01(g)(1) states in relevant part, "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." Plaintiff's Motion is not exempted from the duty to confer. *See* Middle District Local Rule 3.01(g)(1) (motions for injunctive relief, judgment on the pleadings, summary judgment, and to certify a class are exempted from the conferral requirement). Thus, Plaintiff had an obligation to confer with Defendant before filing his renewed Motion. Simply removing the term Motion from the title of the submission is not enough to circumvent Plaintiff's duty to confer. A review of Plaintiff's Response and Objection to Defendants' (sic) Affirmative Defenses establishes Plaintiff has renewed his motion to strike Defendant's affirmative defenses. (Dkt 29).

---

[2] This Court denied without prejudice Plaintiff's previous motion to strike Defendant's affirmative defenses because Plaintiff did not comply with Middle District Local Rule 3.01(g). (Dkt. 28).

Plaintiff also did not comply with Middle District Local Rule 3.01(g)(2), by failing to certify that Plaintiff conferred or attempted to confer with Defendant. Accordingly, Plaintiff's Motion should be denied with prejudice for failing to comply with Middle District Local Rule 3.01(g) a second time.

### B.   *Legal Standard for Motions to Strike.*

Even if Plaintiff had conferred with Defendant, Plaintiff's Motion is meritless and must be denied. Federal Rule of Civil Procedure 12(f) provides that the court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" stricken from the record. Motions to strike are disfavored because they are considered a drastic remedy. *See Schmidt v. Life Ins. Co. of N. America*, 289 F.R.D. 357, 358 (M.D. Fla. 2012); *Thompson v. Kindred Nursing Ctrs., E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Motion to strike affirmative defenses are only granted if: "(1) the affirmative defense has no possible relation to the controversy and may cause prejudice to the one of the parties" or "(2) the affirmative defense fails to satisfy the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a party to state in short and plain terms its defense to each claim asserted against it." *PNC Bank v. Craggs Construction Co.*, No. 5:16-cv-398-Oc-30PRL, 2016 WL 6493908, at *1 (M.D. Fla. Nov. 12, 2016). For the court to strike an affirmative defense, it must be insufficient as a matter of law. *Id.*

### C.   *Plaintiff's Motion Does Not Rely on the Correct Standard.*

Plaintiff's motion to strike relies on Florida state court application of the Florida Rules of Civil Procedure and fails to state how Defendant's affirmative defenses are

5

unrelated to the controversy in the Complaint or fails to meet Rule 8 requirements. (Dkt. 29). Under the *Erie* doctrine, a federal court adjudicating state law claims must apply state substantive law and federal procedural law. *EarthCam, Inc. v. Oxblue Corp.*, 658 Fed. Appx. 526, 529 (11th Cir. 2016). Therefore, Plaintiff's arguments based on the Florida state law standard for affirmative defenses is inapplicable.

      Here, Federal Rule of Civil Procedure 8(b)(1) requires a defendant to "state in short and plain terms its defenses against it by claim asserted against it[.]" Federal Rule of Civil Procedure 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense." The purpose of Federal Rule of Civil Procedure 8(c) is to guarantee that a plaintiff has notice of any additional issue that could be raised at trial so that the plaintiff is prepared to properly litigate it. *PNC Bank*, No. 5:16-cv-398-Oc-30PRL, 2016 WL 6493908, at *1 (finding that the Middle District of Florida does not apply the heightened pleading standard in *Iqbal* and *Twombly* to affirmative defenses); *see also Floyd v. Stoumbos*, No. 6:20-cv-353-Orl-78EJK, 2020 WL 10337726, at *1 (M.D. Fla. April 28, 2020). Affirmative defenses only need to provide fair notice of the nature of the defense and the grounds upon which it rests. *McMahon v. Orange Cnty., Fla.*, No. 6:22-cv-2198-PGB-LHP, 2023 WL 5625110, at *1 (M.D. Fla. August 31, 2023); *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13–CV–900–J–39–PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014).

      Defendant's affirmative defenses satisfy the requirements of Federal Rule of Civil Procedure 8(b) and 8(c). Defendant's affirmative defenses adequately give

Plaintiff notice of the nature of the defense and the grounds for each defense, as discussed further below.

### D. Defendant's Affirmative Defenses are Legally Sufficient Under Federal Rule of Civil Procedure 8(b) and (c).

Even if Plaintiff's Motion included the correct standard for affirmative defenses, his Motion would still fail because Defendant's affirmative defenses comply with Federal Rule of Civil Procedure 8(b) and (c).

#### 1. *Although Defenses One, Two, Three, and Eleven May Be Considered Denials, They Do Not Prejudice Plaintiff and Should Not Be Stricken.*

Defendant's first defense asserts that Plaintiff cannot establish a claim for relief. (Dkt. 24). Although Plaintiff amended his initial Complaint (Dkts. 1, 21) after Defendant filed its Motion to Dismiss, or for More Definite Statement (Dkt. 8), it still is unclear whether Counts I and III of the Amended Complaint establish claims upon which relief may be granted.

Defendant's second and third defenses assert that Defendant had legitimate and non-discriminatory reasons for its actions towards Plaintiff. (Dkt. 24). Defendant's eleventh defense alleges that it acted in good faith and did not violate a law, rule, or regulation. (Dkt. 24). Even if these defenses are considered denials to Plaintiff's claims, rather than true affirmative defenses, there is no prejudice allowing the defenses to remain. *See Sembler Family Partnership No. 41, Ltd. v. Brinker Fla., Inc.*, No. 8:08-cv-1212-T-24 MAP, 2008 WL 5341175, at *2 (M.D. Fla. December 19, 2008).

### 2. *Defenses Eight and Ten are Valid Defenses under Rule 8(c).*

Defendant's eighth defense claims that Plaintiff's claims are barred under the applicable statute of limitations. (Dkt. 24). Defendant must plead the affirmative defense of the statute of limitations under Federal Rule of Civil Procedure 8(c)(1) in order not to waive the defense. Further, Defendant's allegation that Plaintiff's claims are barred by the statute of limitations is sufficient to place Plaintiff on notice that some or all of his claims are barred as untimely. *See Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467 at *5 (M.D. Fla. July 21, 2011).

Defendant's tenth defense asserts the doctrines of estoppel, waiver, unclean hands, and laches. Likewise, estoppel, waiver, and laches constitute affirmative defenses under Federal Rule of Civil Procedure 8(c). Moreover, Defendant's defenses adequately place Plaintiff on notice of the nature of the defenses. *See Id.* Thus, the eighth and tenth affirmative defenses are legally sufficient and should not be stricken.

### 3. *Defendant's Remaining Defenses Adequately Place Plaintiff on Notice of the Defenses and Do Not Prejudice Plaintiff.*

Defendant's fourth and fifth defenses assert that Defendant prohibits discriminatory and unlawful behavior and any illegal or discriminatory conduct by any employees was contrary to Defendant's policies and not attributable to Defendant. (Dkt. 24). The fourth and fifth defenses speak for themselves adequately place Plaintiff on notice of the nature of the defenses. *See Id.,* at *6. Moreover, Plaintiff does not allege that the fourth or fifth defense has "no possible relationship with the controversy," or that he will be prejudiced by the defenses. *See Id.*

8

Defendant's sixth and seventh defenses state that Plaintiff's damages are limited to the extent Plaintiff did not mitigate his damages, or that he is seeking duplicative damages. (Dkt. 24). Defendant's sixth and seventh affirmative defenses properly place Plaintiff on notice of the nature of the defense and are legally sufficient. *See Id.* at *5.

Defendant's ninth defense asserts after-acquired evidence. (Dkt. 24). Even though Defendant has not alleged specific factual support, it is placing Plaintiff on notice that if Defendant discovers any such evidence during discovery, it will assert the after-acquired defense. As such, the defense may be relevant to the controversy and should not be stricken. *See Id.* at *5–6.

Defendant's twelfth defense asserts that Plaintiff's claims are barred to the extent he did not exhaust administrative remedies. (Dkt. 24). Count two of Plaintiff's Amended Complaint (disparate treatment on the basis of race under the Florida Civil Rights Act) requires Plaintiff to exhaust his administrative remedies. *See, e.g., Jones v. Bank of America*, 985 F. Supp. 2d 1320, 1324-25 (M.D. Fla. 2013) (as a prerequisite to filing an FCRA action, a plaintiff must exhaust administrative remedies by filing a timely charge with the appropriate agency). The twelfth defense provides Plaintiff with ample notice of the nature of the defense and it is related to the controversy. *Id.* at *4. For example, to the extent Plaintiff did not (timely) file a charge of discrimination as to certain allegations, some or all of his claims may be barred. Thus, the twelfth affirmative defense is legally sufficient.

Defendant's thirteenth defense asserts that Plaintiff's alleged damages/injuries may fall under the Florida Workers' Compensation Law. Plaintiff's Amended

Complaint alleges he was touched by one of Defendant's employees, but does not provide any details of the purported touching, or whether he is claiming work-related injuries. (Dkt. 21). With the thirteenth defense, Defendant places Plaintiff on notice that, to the extent his claims include any alleged work-related injuries, such claims are precluded, because Plaintiff should have sought relief under Florida's Workers Compensation law. See, e.g., *Locke v. SunTrust Bank*, 484 F.3d 1343, 1348 (11th Cir. 2007) (plaintiff's injury arose out of her employment and as such, her negligence claim is barred by Florida's Workers' Compensation exclusivity bar). Plaintiff does not establish that he will be prejudiced by the thirteenth defense.

Defendant's fourteenth defense asserts the unavoidable consequences defense. (Dkt. 24). Similar to the sixth and ninth defense, the fourteenth defense places Plaintiff on notice of Defendant's defense that Plaintiff's conduct exacerbated his purported damages. *See Adams,* No. 3:11-cv-337-J-37MCR, 2011 WL 2938467 at *5–6.

In addition to placing Plaintiff on notice of the applicable affirmative defenses, Plaintiff's Motion fails to establish how Plaintiff would be prejudiced by the affirmative defenses. *See Auto-Owners Ins. Co*, No. 6:18-cv-2065-Orl-40TBS, 2019 WL 1468525, at *1–2 (M.D. Fla. February 19, 2019) (denying a motion to strike a defendant's affirmative defenses when it applied the incorrect law or how the affirmative defense prejudiced plaintiff). Thus, Plaintiff's Motion must be denied.

### E.     *Plaintiff is Not Entitled to Attorneys' Fees.*

In the "Wherefore" clause of the Motion, Plaintiff improperly requests his attorneys' fees and costs in connection with his Motion. However, the Motion does

not contain any legal authority to support Plaintiff's claim for attorneys' fees and costs, and Federal Rule of Civil Procedure 12(f) does not provide for attorneys' fees. Thus, Plaintiff's request for attorneys' fees must be denied.

### III. Conclusion

Defendant, TNC (US) HOLDINGS, INC., for the reasons stated above, requests this Court deny Plaintiff's renewed motion to strike entitled, "Plaintiff's Response and Objection to Defendants' (sic) Affirmative Defenses" with prejudice, and deny all relief requested in Plaintiff's Motion.

Dated: July 15, 2024.                    Respectfully submitted,

/s/ *Marielly Abzun*
Lara J. Peppard; FBN: 520055
Marielly Abzun; FBN: 1011245
Ashley N. Donnell; FBN: 100535
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL  33602
T: 813.289.1247; F: 813.289.6530
lara.peppard@ogletree.com
marielly.abzun@ogletree.com
ashley.donnell@ogletree.com

*Attorneys for Defendant TNC (US) HOLDINGS, INC.*